# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| THOMAS A. MCLACHLAN, ) | |
| ) | Bankruptcy No. 20-01386 |
| Debtor. ) | |

## RULING ON MOTION TO EXTEND THE AUTOMATIC STAY

This matter came before the Court at an evidentiary hearing on February 3, 2021. Derek Hong appeared for debtor Thomas A. McLachlan ("Debtor"). Laura Hyer appeared for creditor Hills Bank and Trust Company ("Hills Bank"). The Court heard testimony, received exhibits, and heard oral argument. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## STATEMENT OF THE CASE

Debtor filed this Chapter 13 petition on December 16, 2020. (ECF Doc. 1). Debtor's Motion to Extend the Automatic Stay was filed the same day. (ECF Doc. 4). Although Debtor had filed a Chapter 13 case within the twelve months immediately preceding this case, Debtor asserts he made the new case filing in good faith. (Id.). Hills Bank filed its Objection on January 5, 2021. (ECF Doc. 17). Hills Bank asserts the presumption of bad faith under section 362(c)(3)(C). Hills

Banks argues the Debtor also has insufficient income, a history of compulsive gambling, and a general inability to feasibly complete a Chapter 13 plan. (Id.).

## BACKGROUND AND PARTIES' ARGUMENTS

Debtor's history of bankruptcy filings dates back to April 2014. (Bankr. No. 14-00563). Debtor's first case—originally a Chapter 13—was voluntarily converted to Chapter 7 when he was unable to make his plan payments. (Id., ECF Doc. 78). Debtor ultimately received a discharge on October 17, 2018. (Id., ECF Doc. 96).

Debtor filed another Chapter 13 petition on November 16, 2018. (Bankr. No. 18-01590). There, Debtor's failure to make plan payments resulted in Hills Bank being granted relief from the automatic stay. (Id., ECF Doc. 59). The case was voluntarily dismissed on November 10, 2020. (Id. ECF Doc. 65). Debtor filed this Chapter 13 five weeks later. (ECF Doc. 1).

Debtor's history with bankruptcy has been caused—at least in part—by his compulsion to gamble. Debtor's bank records reveal a history of large cash withdrawals at casino ATMs. Debtor made these withdrawals during the pendency of his bankruptcies and in the intervening time between them. Between 2014 and 2020, Debtor withdrew over $215,000.00 from casino ATMs. Debtor withdrew $10,000.00 in the six months immediately preceding this bankruptcy alone.

Despite his gambling problem, Debtor asserts he filed this case in good faith, and that he will fully perform the terms of a confirmed plan. In support, Debtor testified he has experienced a substantial change in personal affairs since the dismissal of the prior case. Debtor has taken steps to address his compulsion to gamble. He has sought professional help and added himself to the Iowa self-exclusion list—a program for individuals to voluntarily exclude themselves from wagering with licensed casinos, racetracks, or fantasy sports operators, or entering the gaming areas of state licensed casinos and racetracks. Debtor argues that these steps, together with the increase in his wife's income, show that he can complete the new proposed Chapter 13 plan.

Hills Bank's Objection relies, primarily, on the presumption of bad faith under section 362(c)(3)(C) that arises with Debtor's newest filing. Hills Bank contends that Debtor cannot overcome the presumption due to his history of nonperformance, his recent gambling activity, and a reduction in overall household income. Hills Bank also asserts that the timing of the new filing further demonstrates bad faith. According to Hills Bank, Debtor is using this Chapter 13 filing to hinder and delay Hills Bank's efforts to foreclose the mortgages on which the Bank received relief from the automatic stay in his previous bankruptcy to pursue.

## DISCUSSION

Section 362(c)(3)(A) provides, in relevant part:

(3) **if** a single or joint **case is filed** by or against a debtor who is an individual in a case under chapter 7, 11, or 13… **and** if a single or joint **case of the debtor was pending within the preceding 1-year period but was dismissed**…—
  (A) **the stay** under subsection (a) with respect to any action taken with respect to a debt or property securing such debt…**shall terminate** with respect to the debtor **on the 30th day after the filing** of the later case;

11 U.S.C. § 362(c)(3)(A) (emphasis added). The Court may afford relief from this rule only if the debtor demonstrates that the new case was filed in good faith. 11 U.S.C. § 362(c)(3)(B). The new case is presumed to have been filed "not in good faith" in several situations. 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc), (III). These include: where the debtor's prior case was dismissed after the debtor failed to perform the terms of a confirmed plan, or if there is not been a substantial change in the debtor's personal or financial affairs since the dismissal of his most recent case, or any other reason to conclude that the new case will not result in a Chapter 7 discharge or a confirmed Chapter 13 plan that will be fully performed. Id.

As an initial matter, the Court finds that Debtor's history of nonperformance in each of his prior bankruptcies gives rise to the presumption of bad faith. To be sure, this is Debtor's third Chapter 13 filing since April 2014. In each of the preceding cases, Debtor failed to make his required plan payments. (Bankr. No. 14-00563, ECF Doc. 36; Bankr. No. 18-01590, ECF Doc. 44). The undisputed

facts show Debtor has a profound gambling problem, his monthly income is lower than it was and his arrearage on his mortgage has increased. On this record, the Court has no reason to believe that this case will result in a Chapter 7 discharge or confirmed Chapter 13 plan that will be fully performed.

This presumption of bad faith may be rebutted by clear and convincing evidence to the contrary. 11 U.S.C. § 362(c)(3)(C). The most important factor in determining good faith is the likelihood that the debtor's plan will succeed. In re Tate, 2016 Bankr. LEXIS 4487, at *6 (citing Morales, 366 B.R. at 922). Additional factors to consider include the pre-filing conduct of the Debtor, the motivation and sincerity of the debtor in seeking relief under Chapter 13, whether the plan constitutes an abuse of the purpose or spirit of Chapter 13, and whether the Bankruptcy Code is being unfairly manipulated by the debtor. In re Estus, 695 F.2d 311, 317 (8th Cir. 1982); Educ. Asst. Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir. 1987); In re Banks, 248 B.R. 799, 803 (B.A.P. 8th Cir. 2000); In re Kurtzahn, 337 B.R. 356, 364 (Bankr. D. Minn. 2006).

The Court finds that Debtor has failed to make the necessary showing to rebut the presumption of bad faith. Despite Debtor's claims of improved financial condition, Debtor's income is lower now than in each of the prior bankruptcies. He was unable to make his plan payments in those cases where he had higher income. Debtor's pre-filing conduct also undermines his ability to show good

faith. In the six months before the new filing the Debtor was still in an active Chapter 13 case. Nevertheless, Debtor withdrew over $10,000.00 at casino ATMs and spent it gambling—while not paying his Chapter 13 plan obligations.

The record does not support Debtor's claims that his compulsive gambling is sufficiently under control to allow him to complete his new proposed plan. Debtor continued his gambling until a mere twelve days before to the Court's hearing on this matter. Debtor thus undisputedly continued to gamble after filing the case, and after the Bank resisted efforts to continue the automatic stay. This certainly calls into question the sincerity of his assertions that he has really corrected the problem. He has not even had a counseling session or taken any continuing action to show his commitment to getting over the problem. While the initial steps he has taken are laudable, they are insufficient to overcome the presumption of bad faith from his pre-and-post-filing conduct.

The Court finds that Debtor's history of reckless gambling, nonperformance in previous cases, and repetitive filings at the expense of his creditors demonstrates an abuse of the provisions, purpose, and spirit of Chapter 13. As a result, Debtor's Motion to Extend the Automatic Stay is denied because he cannot meet the standards outlined in the Bankruptcy Code to keep the stay in place.

## CONCLUSION

**WHEREFORE**, Debtor's Motion to Extend the Automatic Stay is **DENIED**.

Dated and Entered: February 25, 2021

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE